UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM ROBINSON, ) | |
| ) | |
| Plaintiff, ) | Case: 3:23-cv-03266 |
| ) | |
| v. ) | |
| ) | |
| WINGS OVER LINCOLNLAND, INC., ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

# COMPLAINT

Plaintiff, William Robinson ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Wings Over Lincolnland, Inc., ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and

the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, William Robinson, resided in Sangamon County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Wings Over Lincolnland, Inc., was a corporation doing business in and for Sangamon County whose address is 2315 North Dirksen Parkway, Springfield, IL 62702.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as a Cook from April 1, 2023 until his unlawful

termination on or around May 17, 2023.

12. Plaintiff's essential job duties were included but not limited to:

- Preparing food for customer orders;
- Cleaning and preparing fryers;
- Coordinating with other staff members; and
- Maintaining kitchen area

13. Plaintiff suffers from hearing and vision impairments that substantially limit one or more major life activities.

14. Defendant knew of Plaintiff's disabilities and regarded him as disabled.

15. Plaintiff was qualified to perform the essential duties of his job with or without reasonable accommodations.

16. Plaintiff is a "qualified individual" as defined under the ADA.

17. Plaintiff requested a reasonable accommodation in the form of time off to attend just two doctor's appointments—one to adjust his hearing aids and one to check his vision.

18. Rather than engage in the interactive process, Defendant refused to grant Plaintiff's request for reasonable accommodations and instead, Manager Mike (Last Name Unknown) sent Plaintiff home and terminated Plaintiff's employment.

19. There was no legitimate business purposes for Defendant's conduct.

20. Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request for time off to attend Doctor's visits.

21. Defendant also subjected Plaintiff to harassment based on his disability.

22. Manager Mike (Last Name Unknown) said to Plaintiff "you are unreliable," "you are unreliable because of your health," "I am sending you home; if Crystal brings you back I will

send you home again," and 'I don't want those people in my restaurant."

23. Ultimately, on or about May 17, 2023 Plaintiff was terminated on the basis of Plaintiff's disability and for engaging in a protected activity as described above.

24. Defendant treated its non-disabled employees more favorably, and did not fire those employees for requesting time off for medical appointments.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

25. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

26. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

27. Plaintiff met or exceeded performance expectations.

28. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

29. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability or perceived disability.

30. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

31. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

32. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

33. As a direct and proximate result of the discrimination described above, Plaintiff

has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Americans with Disabilities Act**
**(Failure to Accommodate)**

34.   Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

35.   By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

36.   Plaintiff is a qualified individual with a disability.

37.   Defendant was aware of the disability and the need for accommodations.

38.   Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

39.   Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

40.   Defendant did not accommodate Plaintiff's disability.

41.   Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

42.   Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

43.   As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of the Americans with Disabilities Act**
**(Disability-Based Harassment)**

44. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

46. Defendant knew or should have known of the harassment.

47. The disability-based harassment was severe or pervasive.

48. The disability-based harassment was offensive subjectively and objectively.

49. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

50. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IV**
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

52. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

53. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq*.

54. During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations in the form of time off to attend two doctor's appointments.

55. As such, Plaintiff engaged in protected conduct and was protected against unlawful

retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

56. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting reasonable accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

57. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

58. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

    g. Award pre-judgment interest if applicable; and

    h. Award Plaintiff any and all other such relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 1st day of September, 2023.

/s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
IL Bar No.: 99843
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575-8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*